**Luis Fernando Parra, ABN 21570**
**PARRA LAW OFFICES, P.L.L.C.**
571 North Grand Avenue
Nogales, Arizona 85621-2710
Telephone: (520) 281-9369
Facsimile:  (520) 281-1396
Email: lfparra@azmxlaw.com
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **AUGUSTINE F. ROMERO**, a married man,<br><br>  Plaintiff,<br><br>vs.<br><br>**TUCSON UNIFIED SCHOOL DISTRICT**, a political subdivision of the State of Arizona,<br><br>  Defendant. | No.<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Augustine Romero, by and through counsel undersigned, for his complaint alleges as follows:

### JURISDICTION AND VENUE

1.  This Court has original jurisdiction of this action under 28 U.S.C. § 1331, the Court's federal question jurisdiction.

2.  Venue is proper in this Court because defendant's unlawful conduct occurred in Pima County within the District of Arizona.

### GENERAL ALLEGATIONS COMMON
### TO ALL CAUSES OF ACTION

#### Parties

3.  Plaintiff, Augustine Romero (hereinafter "Romero"), is a married man, and is certified by the State of Arizona Department of Education as a teacher and school administrator, and is a resident of Pima County, Arizona.

4.     Defendant, Tucson Unified School District (hereinafter "TUSD"), is a political subdivision of the State of Arizona, organized pursuant to Title 15 of the Arizona Revised Statutes.

### **Plaintiff Romero's Protected Status**

5.     Plaintiff Romero is of Hispanic and Native American/Yaqui descent and an individual who at times relevant to his complaint engaged in protected conduct.

### **Plaintiff's Job Performance**

6.     At all times throughout Plaintiff Romero's employment with TUSD and specifically as Principal of Pueblo High School, he performed his duties in a manner which met the standards and expectations of his position.

### **Plaintiff Romero's Educational Background**

7.     Plaintiff Romero has various undergraduate and post-graduate degrees, including as follows:

| Year | Degree / College or University |
|---|---|
| 1987 | Associate of Arts in Social Science<br>Arizona Western College, Yuma, Arizona |
| 1990 | Bachelor of Arts in Political Science<br>Pacific University, Oregon |
| 12/1995 | Post Baccalaureate Teachers Certificate<br>University of Arizona, Tucson, Arizona |
| 2001 | Master of Arts in Language, Reading and Culture<br>University of Arizona, Tucson, Arizona<br>Thesis entitled: Brown, Black, and Red in the New Millennium: Will the Dream Come to Fruition?<br><br>Major: Multicultural and Bilingual Education |
| 2008 | Doctor of Philosophy ("PhD") in Language, Reading and Culture<br>University of Arizona, Tucson, Arizona<br>Dissertation entitled: *Towards a Critically Compassionate Intellectualism Model of Transformative Education: Love, Hope, Identity, and Organic Intellectualism through the Convergence of Critical Race Theory, Critical Pedagogy, and Authentic Caring*<br>Major: Culture and Education<br>Minor: Mexican American Studies |

///

### **Plaintiff Romero's Employment As Teacher With TUSD**

8.  Plaintiff Romero was employed by Defendant TUSD on January 8, 1996, as and was employed until June 30, 2018 in the following teaching positions and schools:

| Year(s) | Title / School |
|---|---|
| 01/08/1996 to 06/30/1998 | Teacher of Social Studied<br>Tucson Magnet High School |
| 07/01/1998 to 06/30/2002 | Teacher of Social Studies<br>Cholla Magnet High School |
| 07/01/2002 to 06/30/2011 | Teacher of Social Justice Education Project<br>Cholla Magnet High School |

### **Plaintiff Romero's Administrative Positions With TUSD**

9.  In addition to being a teacher, Plaintiff Romero also held the following administrative positions while he was employed by Defendant TUSD:

| Year(s) | Title |
|---|---|
| 2002 to 2006 | Director, Mexican American / Raza Studies Department, TUSD |
| 2006 to 2009 | Senior Academic Director for Ethnic Studies Department & Co-Director of Mexican American / Raza Studies Department, TUSD |
| 2009 to 2012 | Director of Student Equity, TUSD |
| 2009 to 2012 | Director of Multicultural Curriculum, TUSD Director of Culturally Responsive Pedagogy and Instruction (Designee) District Coordinator of Advancement Via Individual Determination (AVID) Assistant Principal, Catalina Magnet High School (July-December 2012) |
| 2013 to 2014 | Director of Multicultural Curriculum, TUSD |
| 2014 to 2018 | Principal of Pueblo High School |

**Improvement / Honors At Pueblo High School
While Plaintiff Romero Served As Principal**

10. Plaintiff Romero's was last employed by Defendant TUSD as Principal of Pueblo High School having so served from July 1, 2014 through June 30, 2018.

11. While serving as Principal of Pueblo High School, Plaintiff Romero was responsible for the following academic improvements/honors attained:

| Year(s) | Academic Improvements / Honors |
|---|---|
| 2018 | Realized a 20% increase in overall AZMerit proficiency |
|  | Took Pueblo from a "D" to a "Cusp B" School - four points from achieving "B" status |
| 2014/2015 to 2017/2018 | Realized a 30.7% decrease in behavior incidents |
|  | Realized a 47% decrease in Aggression, Threats, Intimidation & Harassment (146 to 77) |
|  | Realized 67.7% decrease in per capita rate of campus disciplinary incidents from 22.23% to 7.18 |
| 2015/2016 to 2017/2018 | Over $28 million in scholarships and financial aid for the graduating classes |
| 2014/2015 to 2017/2018 | Graduation Rates: 92%; 90.7%; 91% & 90.3% (event analysis) |
| 2014/2015 to 2017/2018 | Increased enrollment of 30.8% from 1372 students in 2013-14 to 1825 students in 2017-2018 |
| 2014/2015 to 2017/2018 | Increased AP course offering of 112.5% from 8 in 2013-14 to 17 in 2017-2018. |
| 2014/2015 to 2017/2018 | Increased AP sections of 116% from 12 in 2013-14 to 26 in 2017-2018. |
| 2014/2015 to 2017/2018 | Increased Honors sections of 111% from 18 in 2013-14 to 37 in 2017-2018. |
| 2014/2015 to 2017/2018 | Increased AVID sections of 150% from 4 in 2014-15 to 10 in 2017-2018. |

| Year(s) | Academic Improvements / Honors |
|---|---|
| 2017 | Komadina Award – State of Arizona's Top Female Student/Athlete Program |
| 2017 | Led the AdvancEd National Certification process – Pueblo Magnet High School granted full certification (2017-2022) |
| 2017 | Pueblo High School produced its second AP Scholar with Honors |
| 2017 | Pueblo produced three AP Scholars |
| 2016 | College Board's AP Honor Roll – for Increased access to AP courses |
| 2016 | Pueblo produced its first AP Scholar with Honors |
| 2016 | Pueblo produced two AP Scholars |
| 2016 | TUSD Superintendent Cup – District's Top Student/Athlete Program |
| 2015 to 2018 | Increased Pueblo High Art based sections by 21% from 2015 - 2018 |
| 2015 To 2018 | Supported numerous award winning programs and students in the areas of Performing Arts, Painting and Drawing, Literature and Music |
| 2014 to 2018 | Managed an overall budget of $6.8 million (Deseg, M&O, Capital, 21st Century and Title 1) |

12. While serving as Principal of Pueblo High School, Plaintiff Romero received the following evaluations:

| Year | Rating | Score |
|---|---|---|
| 2014-2015 | Highly effective | 82.2 |
| 2015-2016 | Highly effective | 80.7 |
| 2016-2017 | Distinguished | 82.0 |
| 2017-2018 | Distinguished | 82.0 |

///

///

///

-5-

**History of Animus And Towards Plaintiff Romero And/Or Hispanics And/Or Native Americans And Hostile Work Environment Resulting From Statements And/Or Conduct By TUSD Board Members**

13. During an Administrative Hearing held December 27, 2011, TUSD Governing Board Members Mark Stegeman and Michael Hicks testify against the TUSD Mexican American / Raza Studies courses. Both racialized the curriculum as too Mexican, contrary to white majority values and counter to the assimilation of Mexicans they advanced that required the adoption of a white identity that had shed the language, culture and history on a student's Mexican/Latino identity and ancestry.

14. During that hearing, TUSD Board Member Mark Stegeman ("Stegeman") stated that he believed the courses were, "pure political proselytizing" and TUSD Board Member Michael Hicks ("Hicks") stated that he believed that program constituted a form of "racial indoctrination"

15. While Plaintiff Romero was under consideration for appointment as Director of Multicultural Education between April and June 2012, TUSD Board Members Stegeman and Hicks both voted "no." Their vote was not only a reflection but an actualization of their white values to the exclusion of the Mexican curriculum they attributed to Romero.

16. While Plaintiff Romero was under consideration for appointment as Principal of Pueblo High School during a TUSD Board Meeting held April 15, 2014, TUSD Board Members Stegeman and Hicks both voted "no."

17. On November 19, 2015, TUSD Board Member Hicks submits a "Request for Information" ("RFI") requesting information about Plaintiff Romero attendance record.

18. On June 17, 2016, TUSD Board Member Hicks submits an RFI regarding a "Grade-Change Issue," to which former TUSD Superintendent H.T. Sanchez ("Superintendent Sanchez") responded that Plaintiff Romero followed the directives of former Assistant Superintendent Abel Morado, Ph.D. ("Dr. Morado").

///

19. On June 23, 2016 TUSD Board Member Stegeman submits a response to Superintendent Sanchez's response to TUSD Board Member Hicks' RFI questioning TUSD's perspective.

20. In response to TUSD Board Member Stegeman, Superintendent Sanchez reasserted that Plaintiff Romero followed policy and that he "was not interested in a witch hunt."

21. On June 29, 2016, TUSD Board Member Stegeman submitted an RFI requesting Plaintiff Romero's emails from April 15, 2016 to June 15, 2016

22. After receiving the results of the investigation regarding the Grade-Change Issue undertaken by the law firm of DeConcini, McDonald, Yetwin and Lacy, in October 2016, TUSD Board Members Stegeman and Hicks both stated that they were going to take the issue to the state.

23. On October 18, 2016 an instance of possible sexual abuse occurred at Cholla High School, which was not reported by Cholla High School Principal Tara Bulleigh until October 25, in violation of the Arizona reporting requirements; however, no disciplinary action or follow up was undertaken despite TUSD Board Members Hicks publicly expressing concern regarding the same on a local news station. Bulleigh is not Mexican or Yaqui and not known to have engaged in protected conduct.

24. On October 28, 2016 Superintendent Sanchez consulted with Plaintiff Romero regarding the grade issue and discussed concerns with an issue regarding pertaining to Sahuarita but stated that he considered both matters resolved.

25. During a November 2016 meeting with Plaintiff Romero, after Dr. Morado informed Plaintiff Romero that the Sahuarita issue is still be looked into, Plaintiff Romero informs him that Superintendent Sanchez had already discussed the same him and that he considered both matters resolved and Dr. Morado indicated he would follow up with Superintendent Sanchez.

26. Plaintiff Romero was placed on the board agenda of November 15, 2016 as a "personnel matter" regarding the Grade-Change Issue.

27. In January 2017 Plaintiff Romero received notification from the Arizona Department of Education stating that an investigation was being undertaken of the Grade-Change Issue as a result of a complaint filed by TUSD Member Hicks and Yolanda Sotelo, a teacher in the Culturally Relevant Curriculum ("CRC").

28. In January 2017 Plaintiff Romero was called into a meeting with Dr. Morado in which the following transpired:

    a. Dr. Morado encouraged Plaintiff Romero to separate from the District because the board majority does not want me to continue with TUSD.

    b. Plaintiff Romero informed Dr. Morado the TUSD Board has nothing with which to come after him.

    c. Dr. Morada stated that the Sahuarita issue and Grade-Change Issue still were unresolved issues that TUSD Board considered "in-play."

    d. Plaintiff Romero stated to Dr. Morado that Superintendent Sanchez and he resolved the issue and reminded him of their November conversation.

    e. Dr. Morado stated that he had not followed up with Sanchez, but he would do so.

    f. Dr. Morado again encouraged Plaintiff Romero to separate from the District and that if he did so the Sahuarita and Grade-Change Issue would go away.

29. On January 15, 2017 Plaintiff Romero submitted his Notice of "Intent to Separate" notifying of his intent to retire from TUSD based upon the representations made by Dr. Morado and the characterization of resignation as the only choice/path forward.

30. On or about March 7, 2017 Plaintiff Romero had a conversation with Superintendent Sanchez who stated to him that issues had been resolved and that Plaintiff Romero should not separate from the District.

31. On March 7, 2017 Plaintiff Romero submits his Notice to Rescind "Intent to Separate."

32. On March 10, 2017 TUSD Board Member Rachel Sedgwick ("Sedgwick") submits an RFI questioning Plaintiff Romero's credentials.

33. On March 14, 2017 TUSD Board Member Sedgwick submits an RFI requesting a copy of Plaintiff Romero's contract with TUSD.

34. On March 16, 2017 TUSD Board Member Sedgwick questions Plaintiff Romero's response regarding Pueblo High School "walkout" and the email Plaintiff Romero had sent to staff regarding his retirement.

35. On April 3, 2017 acting TUSD Superintendent Gabriel Trujillo ("Dr. Trujillo") blocks a request by TUSD Board Member Stegeman to review Plaintiff Romero's employment file outside the scope of an executive session.

36. April 3, 2017 Plaintiff Romero received a text from Dr. Morado asking to that he report to his office.

37. The following transpired when Plaintiff Romero reported to the office of Dr. Morado on April 3, 2017:

   a. Dr. Morado stated that Plaintiff Romero was going to be disciplined for the Sahuarita issue and the Grade-Change Issue as well as for failure to report a broken window and an email that Plaintiff Romero had sent to Pueblo High School staff.

   b. Dr. Morado stated that Plaintiff Romero that he was looking at 10 days suspension without pay.

   c. In response to both of the foregoing, Plaintiff Romero reminded him that he had already been informed that he and Superintendent Sanchez had already discussed and resolved these issues.

   d. Dr. Morado stated that the issues were still on-the-table.

38. On April 4, 2017 Plaintiff Romero was placed on the TUSD Board Agenda for non-renewal.

39. On April 20, 2017 Plaintiff Romero received notice that his employment and discipline history would be the point of discussion at the TUSD Board Meeting.

40. On April 21, 2017 Dr. Morado issued his letter of intent to discipline for 10 days without pay for the Sahuarita issue, the Grade-Change Issue, for failure to report a broken window, and an email Plaintiff Romero has sent to the Pueblo High School staff.

41. On April 25, 2017 Plaintiff Romero was placed on the board agenda as a personnel matter involving discipline.

42. On May 9, 2017 Plaintiff Romero attended an appeal meeting with my attorneys.

43. On May 12, 2017 Dr. Morado hand-delivers a new two-day suspension without pay letter.

44. On June 15, 2017 Plaintiff Romero attended a suspension appeal hearing during which Dr. Morado, Munger and Maricela Meza were in attendance on behalf of TUSD.

45. On June 29, 2017, the appeal decision is delivered via email by Maricela Meza, Director of Employee Relations.

46. September of 2017 – Pueblo teacher Cristina Benitez, a close friend of Sedgwick, tells Pueblo High School Data Coach Janet Olvera that TUSD Board Member Sedgwick told her (Benitez) that the TUSD Board would be getting Pueblo High School a better principal for next year.

47. On September 10, 2017 TUSD Board Member Stegeman request my employment file but the same was denied by Dr. Trujillo and the TUSD legal department.

48. On September 11, 2017 TUSD Board Member Sedgwick submits an RFI requesting information regarding academic standards at Pueblo.

49. On September 11, 2017 TUSD Board Member Stegeman submits an RFI regarding any disciplinary action taken against Plaintiff Romero.

50. On September 25, 2017 TUSD Board Member Hicks submits an RFI regarding District protocol to determine whether an administrator is fit to lead and stating that he believes that Plaintiff Romero "is not fit to lead."

51. On September 26, 2017 TUSD Board Member Hicks requests that Plaintiff Romero be removed as Principal of Pueblo High School as a result of the Grade-Change Issue but was informed by TUSD legal that doing so would create a legal issue.

///

52. On September 26, 2017 TUSD Board Member Stegeman friend and ally Betts Putnam-Hidalgo makes a plea for additional discipline against Plaintiff Romero during Call to the Audience for the grade issue.

53. On December 16, 2017 Assistant Principal Frank Rosthenhausler meets with TUSD Board Member Sedgewick during which she states that the TUSD Board majority are going to find a good principal for Pueblo High School.

54. On March 12, 2018 TUSD Board Member Sedgwich submits an RFI for discipline and achievement data for Santa Rita High School, Tucson Magnet High School, and Pueblo High School, schools in which all three principals are of color.

55. On March 13, 2018, the TUSD Board, in executive session, discussed Plaintiff Romero and the release of the Grade-Change Issue, without providing advance notice to him.

56. On March 27, 2018 Plaintiff Romero was placed on the TUSD Board Agenda for its meeting of April 10, 2018, without appropriate notification to Plaintiff Romero.

57. On March 29, 2018 TUSD Board Member participated in an interview with KVOI explaining how "it was supposed to go down.

58. April 6, 2018 TUSD Board Members Hicks placed Plaintiff Romero on the April 10, 2018 TUSD Board Agenda for non-renewal.

59. On April 10, 2018 TUSD Board Members Hicks, Sedgwick and Stegeman vote to not renew Plaintiff Romero's contract with TUSD.

60. On April 17, 2018 TUSD Board Member Hicks approached TUSD Board Member Adelita Grijalva during which the following transpired:

    a. TUSD Board Member Hicks proclaimed he was not a racist.

    b. TUSD Board Member Grijalva responds that "The people you allowed to influence your change in your vote are racist."

    c. TUSD Board Members Hicks replied "You are probably right."

    d. TUSD Board Member Grijalva replied "What does that make you?"

## Retaliation By Defendant TUSD

61. Since 2018 through the present Plaintiff Romero has applied for not less than seven (7) positions.

62. Plaintiff Romero was as or more than qualified for each of those positions.

63. Plaintiff Romero was as or more qualified than the individuals who were hired to fill the positions.

64. Plaintiff Romero was particularly qualified for the Assistant Superintendent of Equity as he created the TUSD Equity Department and wrote its equity plan in 2009, but was passed up for less qualified non-Indigenous Latinos.

65. On May 18, 2020 Plaintiff Romero received a call from TUSD attorney Sam Brown, during which call he acknowledged that TUSD knew they were hiring a less qualified candidate, but there was nothing Plaintiff Romero could do to get that position.

66. In the Summer of 2019 former TUSD Executive Director of Human Resources Janet Rico Uhrig informed TUSD Board Member Adelita Grijalva that Dr. Trujillo has ordered her to ensure that any application by Plaintiff Romero for any TUSD position never reach the TUSD Governing Board for approval.

## U.S. Equal Employment Opportunity Filings & Right to Sue

67. Plaintiff timely submitted a charge of discrimination which was dual filed with the Civil Rights Division of the Arizona Attorney General's Office and the United States Equal Opportunity Employment Commission ("EEOC").

68. Plaintiff's charge included all acts of differential treatment and retaliation at issue in plaintiff's Title VII claims.

69. The EEOC issued and sent plaintiff a notice of right to sue dated August 18, 2020, which was received by plaintiff on August 21, 2020.

70. Plaintiff complied with all jurisdictional prerequisites for the filing of this complaint.

///

///

### Unlawful Acts of Employment Discrimination

71. During the time of Plaintiff Romero's employment with Defendant TUSD and after he was subjected to differential treatment in his terms and conditions of employment based on his race, color, and national origin.

72. The differential treatment included employment opportunities for which was Plaintiff Romero was not only qualified for but the more qualified than the person selected to fill vacant positions.

73. Plaintiff Romero was also subjected to adverse actions by various members of Defendant TUSD Governing Board and administrators after he engaged in protected conduct and then immediately and thereafter treated in adverse manners for having reported and/or communicated his concerns and claims of employment discrimination based on her race, color and national origin.

74. The adverse actions at issue resulted in harm to Plaintiff Romero career opportunities and benefits including salary.

75. Various members of Defendant TUSD Governing Board and administrators have a substantial and sustained history of denying men or women employment opportunities based on race, color, and national origin.

### FIRST CAUSE OF ACTION

**Employment Discrimination: Race, Color, National Origin**

**(42 U.S.C. § 2000e, *et. seq.*)**

76. Plaintiff hereby re-alleges and incorporates all allegations contained in all paragraphs above as though fully set forth herein.

77. The actions and conduct of various members of Defendant TUSD Governing Board and administrators against Plaintiff Romero constitute violations of Title VII, federal law that prohibits workplace discrimination.

78. As a direct and proximate result of the conduct and conduct of various members of Defendant TUSD Governing Board and administrators, Plaintiff Romero suffered injury including but not limited to economic loss, emotional distress, mental anguish, humiliation and embarrassment, loss of enjoyment of life and deprivation of her right to equal employment opportunities.

## SECOND CAUSE OF ACTION

**Employment Discrimination: Retaliation**

**(42 U.S.C. § 2000e, *et. seq.*)**

79. Plaintiff hereby re-alleges and incorporates all allegations contained in all paragraphs above as though fully set forth herein.

80. The actions and conduct of various members of Defendant TUSD Governing Board and administrators against Plaintiff Romero constitute violations of Title VII, federal law that prohibits workplace retaliation including the imposition of adverse actions motivated in whole or part by or in response to protected conduct.

81. As a direct and proximate result of the conduct and conduct of various members of Defendant TUSD Governing Board and administrators, Plaintiff Romero suffered injury including but not limited to economic loss, emotional distress, mental anguish, humiliation and embarrassment, loss of enjoyment of life and deprivation of her right to equal employment opportunities.

## THIRD CAUSE OF ACTION

**Employment Discrimination: Race, Color, National Origin**

**(42.S.C. § 1981)**

82. Plaintiff hereby re-alleges and incorporates all allegations contained in all paragraphs above as though fully set forth herein.

83. The actions and conduct of various members of Defendant TUSD Governing Board and administrators against Plaintiff Romero constitute violations of 42 U.S. C. § 1981, federal law that prohibits workplace retaliation including the imposition of adverse actions motivated in whole or part by or in response to protected conduct.

84. As a direct and proximate result of the actions and conduct of various members of Defendant TUSD Governing Board and administrators, Plaintiff Romero suffered injury including but not limited to economic loss, emotional distress, mental anguish, humiliation and embarrassment, loss of enjoyment of life and deprivation of her right to equal employment opportunities.

## FOURTH CAUSE OF ACTION

### Employment Discrimination: Retaliation

### (42.S.C. § 1981)

85. Plaintiff hereby re-alleges and incorporates all allegations contained in all paragraphs above as though fully set forth herein.

86. The actions and conduct of various members of Defendant TUSD Governing Board and administrators against Plaintiff Romero constitute violations of 42 U.S. C. § 1981, federal law that prohibits workplace retaliation including the imposition of adverse actions motivated in whole or part by or in response to protected conduct.

87. As a direct and proximate result of the actions and conduct of various members of Defendant TUSD Governing Board and administrators, Plaintiff Romero suffered injury including but not limited to economic loss, emotional distress, mental anguish, humiliation and embarrassment, loss of enjoyment of life and deprivation of her right to equal employment opportunities.

## FIFTH CAUSE OF ACTION

### Employment Discrimination: Hostile Work Environment

88. Plaintiff hereby re-alleges and incorporates all allegations contained in all paragraphs above as though fully set forth herein.

89. The actions and conduct of various members of Defendant TUSD Governing Board and administrators against Plaintiff Romero constitute violations of federal law, Title VII and § 1981 that prohibit workplace discrimination.

90. As a direct and proximate result of the actions and conduct of various members of Defendant TUSD Governing Board and administrators, Plaintiff Romero suffered injury including but not limited to economic loss, emotional distress, mental anguish, humiliation and embarrassment, loss of enjoyment of life and deprivation of her right to equal employment opportunities.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Augustine Romero prays:

1. That this Court declare the actions complained of herein to be violations of the federal statutes under which the instant claims are made.

2. That Defendant, Tucson Unified School District, be ordered to take appropriate affirmative acts to insure that the actions complained of herein are not engaged in again by defendants or any of its agents and to place plaintiff in the position he would currently enjoy but for the unlawful conduct of defendants.

3. That Defendant, Tucson Unified School District, including all officers, director, agents, employees and successors be permanently enjoined from discriminating against plaintiff.

4. That actual damages be awarded to plaintiff and against Defendant, Tucson Unified School District.

5. That compensatory damages be awarded to plaintiff and against Defendant, Tucson Unified School District.

6. That plaintiff be awarded his attorneys' fees.

7. That plaintiff be awarded his costs.

8. That plaintiff be awarded all other relief that the Court deems just and proper under the circumstances.

## JURY TRIAL DEMAND

Pursuant to Rule 38, FRCP, a trial by jury is demanded

**DATED** this __18th__ day of November, 2020.

             **PARRA LAW OFFICES, L.L.L.C.**

             */s/* *Luis Fernando Parra*
               Luis Fernando Parra
               Attorney for Plaintiff