**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Augustine F. Romero,<br><br>  Plaintiff,<br><br>v.<br><br>Tucson Unified School District,<br><br>  Defendant. | No. CV-20-00507-TUC-AMM<br><br>**ORDER** |

Pending before the Court is Defendant Tucson Unified School District's ("Defendant" or "TUSD") Motion for Reconsideration. (Doc. 123.) Plaintiff Augustine F. Romero did not respond. For the following reasons, the Court will deny the Motion.

**I.     Background**

On September 24, 2024, the Court granted summary judgment in Defendant's favor on Plaintiff's Title VII[1] and 42 U.S.C. § 1981 discrimination claims. (Doc. 118 at 15.) However, the Court denied summary judgment on Plaintiff's claims that Defendant unlawfully retaliated against him because he publicly called the TUSD Governing Board "racist." (*Id.*)

On October 7, 2024, Defendant filed a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 123.) Defendant raises three grounds for reconsideration. (*Id.* at 4–9.) First, Defendant challenges the legal standard the Court applied when it found that Plaintiff established a prima facie case of retaliation. (*Id.* at 4–

---
[1] Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

5.) Specifically, Defendant argues that the Court erroneously stated that Plaintiff's burden at summary judgment is "minimal" based on *Coghlan v. American Seafoods Company*, 413 F.3d 1090, 1094 (9th Cir. 2005). (*Id.*) Defendant asserts that "Plaintiff's burden is no longer the minimal 'motivating factor' standard; he must instead establish but-for causation" and, therefore, "[t]he Court should reconsider whether Plaintiff has met this heightened standard." (*Id.* at 5.)

Second, Defendant urges the Court to reconsider its finding that Plaintiff established a triable issue regarding the causal connection between his protected activity and the alleged retaliation. (*Id.* at 5–7.) Defendant argues that the Court should not have relied on facts that predate Plaintiff's media comment. (*Id.*)

Third, Defendant disputes that Plaintiff established a triable issue as to whether his low interview scores were a pretext for retaliation. (*Id.* at 7.) Defendant again asserts that the Court should not have relied on events that occurred before Plaintiff called the Governing Board "racist." (*Id.*) It further argues that Plaintiff did not demonstrate the hiring process was unfair, Dr. Trujillo's involvement in the hiring process was inappropriate, or Plaintiff's low scores were unwarranted. (*Id.* at 8.)

## II.     Standard of Review

Rule 59(e) permits a party to ask a court to reconsider its judgment. Fed. R. Civ. P. 59(e). However, courts will only grant a motion for reconsideration in rare circumstances. *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). "Reconsideration is appropriate if the district court 1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration need not be granted if it asks the district court merely "to rethink what the court had already thought through— rightly or wrongly." *Defs. of Wildlife*, 909 F. Supp. at 1351 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Likewise, a motion for reconsideration is not a means to raise arguments that could have been raised in earlier proceedings, *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000), nor a

means to reargue the same matter, *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). "Mere disagreement with a previous order is an insufficient basis for reconsideration." *Fuentes v. Planet Fitness*, No. CV-21-00818-PHX-DLR, 2023 WL 6295013, at *1 (D. Ariz. Sept. 27, 2023) (citing *Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988)).

**III.   Analysis**

The Court will deny Defendant's Motion for Reconsideration. None of the reasons that Defendant raises justify reconsidering the Court's finding that there is a genuine dispute of material fact as to whether Defendant retaliated against Plaintiff.

First, the Court applied the correct law. Defendant argues that the Supreme Court holdings in *University of Texas Southwest Medical Center v. Nassar*, 570 U.S. 338, 360, 364 (2013) and *Comcast Corporation v. National Association of African American-Owned Media*, 589 U.S. 327, 332–33 (2020) eliminated the "minimal" burden at summary judgment for claims that an employer unlawfully retaliated against an employee. (Doc. 123 at 4–5.) The Court disagrees.

In *Nassar* and *Comcast*, the Supreme Court held a plaintiff must show his protected activity was the but-for cause of his employer's actions in order to establish a prima facie case of retaliation. *Nassar*, 570 U.S. at 360; *Comcast Corp.*, 589 U.S. at 332–33. However, *Coghlan* is still good law. The Ninth Circuit has continued to say the burden to show but-for cause *at summary judgment* is "minimal." *See, e.g.*, *Opara v. Yellen*, 57 F.4th 709, 722 (9th Cir. 2023) (quoting *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002)) ("[U]nder the *McDonnell Douglas* framework, '[t]he requisite degree of proof necessary to establish a prima facie case . . . on summary judgment is minimal and does not even need to rise to the level of a preponderance of the evidence.'"); *see also Nessel v. JDM Golf LLC*, No. CV-23-00095-PHX-DMF, 2024 WL 3494378, at *4 (D. Ariz. July 22, 2024) (applying the "minimal" burden at summary judgment to a prima facie case of Title VII retaliation).

This is the standard the Court applied when it denied summary judgment. (Doc. 118 at 9, 11–15.) In other words, the Court found that Plaintiff met his minimal burden to show

- 3 -

there is a triable issue as to whether Defendant would have hired him but for his comments about the Governing Board. (*Id.* at 12–15.)

Second, Defendant does not cite any authority that precludes the Court from considering relevant facts that occurred prior to Plaintiff's protected activity. "At the prima facie stage of a retaliation case, the causal link element is construed broadly so that a plaintiff merely has to prove that the protected activity and the negative employment action are not completely unrelated." *Knorr v. Daisy Mountain Fire Dist.*, No. CV-22-00608-PHX-DWL, 2024 WL 4228611, at *25 (D. Ariz. Sept. 18, 2024) (quoting *Poland v. Chertoff*, 494 F.3d 1174, 1180 n.2 (9th Cir. 2007)); *see also Bostock v. Clayton Cnty., Ga.*, 590 U.S. 644, 656 (2020) ("So long as the plaintiff's [protected activity] was one but-for cause of [the adverse] decision, that is enough to trigger the law."). Furthermore, the temporal proximity "inquiry is fact-specific and depends on both the degree of proximity and what, if any, other evidence supports an inference of pretext." *Nessel*, 2024 WL 3494378, at *5 (quoting *Kama v. Mayorkas*, No. 23-55106, 2024 WL 3449142, at *4 (9th Cir. July 18, 2024)). Even "[a]t the pretext stage, the plaintiff's burden remains low, and 'very little[] evidence is necessary to raise a genuine issue of fact regarding an employer's motive.'" *Id.* (quoting *Opara*, 57 F.4th at 723–24).

Here, the facts the Court examined—including (1) Dr. Trujillo's decision not to renew Plaintiff's stipend based on his belief that the Governing Board would not approve it, (2) Hicks's public criticism of Dr. Trujillo's decision to recommend renewing Plaintiff's contract, and (3) Dr. Trujillo's comment to Ms. Rico-Uhrig stating that he would not allow Plaintiff's name to reach the Governing Board as a candidate for other positions—are all relevant to the context in which Defendant decided not to hire Plaintiff.

Finally, Defendant's remaining reasons for reconsideration repeat the arguments it made at summary judgment. The Court already considered these arguments and assessed the facts. Reconsideration is not warranted simply because Defendant disagrees with the Court's conclusion.

///

///

### IV. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Defendant TUSD's Motion for Reconsideration is **DENIED**. (Doc. 123.)

Dated this 26th day of November, 2024.

_____
Honorable Angela M. Martinez
United States District Judge